## J. S. DARBY v. JOHN F. MILLER et al.

The defendant had constructed causeways across his land, leaving the gullies and natural channels for the flow of water open, bridges having been constructed over them. The plaintiff, whose plantation was situated above, complained that the causeways interrupted the flow of the water. Held, that the article 656, C. C., must be construed in reference to the condition of the country, and that the natural channels and drains having been left open, the plaintiff could not have the causeways removed; but that the channels being filled up by fallen timber and other obstructions, he had a right to cause those obstructions to be removed.

APPEAL from the District Court of St. Martin, *Voorhies*, J.   *E. Simon*, for plaintiff.   *Morse* and *Nichols*, for defendant.   The judgment of the court was pronounced by

ROST, J.   This suit is brought under article 656 of the Civil Code, which is in these words : " It is a servitude due by the estate situated below, to receive the waters which run naturally from the estate situated above, provided, the industry of man has not been used to create that servitude. The proprietor below is not at liberty to raise any dam, or to make any other work, to prevent this running of the water."

The plantation of the plaintiff is surrounded by low grounds which drain into the bayou Petite Ance, and into natural gullies which empty into said bayou. These low grounds form part of tracts of land, on which the defendants have established plantations, and at divers times, during the last 18 years, the latter have found it necessary, in the cultivation of their land, to make extensive causeways over those low grounds, leaving open spaces for the passage of the waters from above, and throwing bridges over the bayous and natural gullies. The plaintiff, himself, has constructed two causeways of that kind, over the portion of the marsh which belongs to him, and it is shown that there are others above him, with which he is well satisfied; but he seeks to have all those below him, removed as nuisances, and claims heavy damages from the defendants for erecting them.

The defendants deny having erected any works, either on the bayou Petite Ance or elsewhere, of a nature to obstruct any natural drain, or to prevent the waters from flowing in their natural channel; and aver, that the works they have severally erected on their places, are not of a kind to affect, in any manner, the lands of the plaintiff. The openings in their different cause-ways being wider than the channel of the natural drains.

There was judgment that the demand of the plaintiff be rejected, at his costs, and he appealed.

The pretension of the plaintiff to drain over the entire surface of the defendant's low lands, is totally inadmissable.   If it was sustained, the millions of acres of wet lands in Louisiana could never be reclaimed and rendered useful to man. Article 656 of the code is taken from the code of France, where lands have all been occupied and cultivated for centuries, and are provided with suitable drains, either natural or artificial.   There, it is understood, as simply imposing on the lower estate the servitude of suffering the waters falling on the upper estate, to pass through its drains, in the manner that will best conciliate the rights of the

owner of the upper estate, with the interests of agriculture. That law cannot have a different meaning with us; large portions of our territory are yet unimproved, and in their natural state, drain the higher lands adjoining them. But this state of nature is temporary, and it cannot be presumed that the legislature intended to make it permanent, when they adopted the article of the code relied on.

There is no doubt, that in any situation, sufficient openings and drains may be made on the lower estate, to carry off the waters above, as rapidly as if they were permitted to flow over the entire surface. Whenever this is done, the object of art. 656 is attained, and its application should never be extended so far as to inflict an injury without object, besides retarding materially the improvement of the country.

Whether the openings and drains, left by the defendants in this case, were sufficient to drain the plaintiff's lands as rapidly as it would drain if the causeways were removed, was the main question submitted to the decision of the district court. A great deal of testimony was adduced on both sides, and, as always happens in controversies of this sort, it is contradictory. It appears to have been carefully examined and weighed by the district judge, who came to the conclusion, that the plaintiff had failed to make out his case. We are unable to say that he erred. It is shown, it is true, that the plaintiff's land does not drain as rapidly as it formerly did, and that, after heavy rains, the water is from half an inch to an inch and a half higher above the causeways than it is below them; but it is also shown, that all the gullies and drains left open by the defendants, are partially filled up by fallen timber and the succession of time, and that they are so grown up with flags, that the water passes through them with great difficulty; the plaintiff has the right to cause those impediments to be removed, and the natural drains to be restored to their original depths; this is his proper remedy, and we will secure it to him.

The decree of the court, as already stated, is that the demand of the plaintiff be rejected, at his costs. We would, under all circumstances, be compelled to reverse it, and to subject the defendants to the costs of the appeal, because the language in which it is clothed, has no definite meaning in law.

It is ordered, that the judgment in this case be reversed; and proceeding to render such a judgment, as the district court should have rendered, it is further ordered, that there be judgment against the plaintiff, and in favor of the defendants, reserving to the plaintiff the right to cause the gullies and drains left open by the defendants, to be cleared from all obstructions and restored to their original depths. It is further ordered, that the costs of the district court be paid by the plaintiff, and those of the appeal by the defendants.